# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| CAMERON REED, individually and on behalf of all others similarly situated, | **Case No.** 4:25-cv-03067-SMB-JMD |
| Plaintiff, | |
| v. | |
| ALN MEDICAL MANAGEMENT LLC, and BETHANY MEDICAL CENTER, P.A., | |
| Defendants. | |
| EUGENE ROSENBERG, individually and on behalf of all others similarly situated, | **Case No.** 4:25-cv-03069-SMB-JMD |
| Plaintiff, | |
| v. | |
| ALN MEDICAL MANAGEMENT, LLC and NATIONAL SPINE AND PAIN CENTERS, LLC, | |
| Defendants. | |
| ROBERT MYERS, individually and on behalf of all others similarly situated, | **Case No.** 8:25-cv-00224-SMB-JMD |
| Plaintiff, | |
| v. | |
| ALN MEDICAL MANAGEMENT, LLC and NATIONAL SPINE AND PAIN CENTERS, LLC, | |
| Defendants. | |

1

| | |
|---|---|
| SHERRY WALDMAN, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>ALN MEDICAL MANAGEMENT, LLC,<br><br>               Defendant. | **Case No.** 4:25-cv-03070-SMB-JMD |
| BENJAMIN WASHINGTON, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>ALN MEDICAL MANAGEMENT LLC, and NATIONAL SPINE AND PAIN CENTERS LLC.,<br><br>               Defendants. | **Case No.** 4:25-cv-03071-SMB-JMD |
| SARVENAZ SAFAI, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>ALN MEDICAL MANAGEMENT, LLC,<br><br>               Defendant. | **Case No.** 4:25-cv-03072-SMB-JMD |
| GAIL PECK, individually and on behalf of all others similarly situated,<br><br>               Plaintiff, | **Case No.** 4:25-cv-03073-SMB-JMD |

2

| | |
|---|---|
| v. | |
| ALN MEDICAL MANAGEMENT LLC, and NATIONAL SPINE AND PAIN CENTERS LLC., | |
| Defendants. | |
| JEFFREY JUDKA, on behalf of himself and on behalf of all others similarly situated, | **Case No.** 4:25-cv-03074-SMB-JMD |
| Plaintiff, | |
| v. | |
| ALN MEDICAL MANAGEMENT, LLC, | |
| Defendant. | |
| CAROLINE HURLEY, on behalf of herself individually and on behalf of all others similarly situated, | **Case No.** 4:25-cv-03075-SMB-JMD |
| Plaintiff, | |
| v. | |
| ALN MEDICAL MANAGEMENT LLC, | |
| Defendant. | |
| JOHN SIEBUHR, individually and on behalf of all others similarly situated, | **Case No.** 4:25-cv-03077-SMB-JMD |
| Plaintiff, | |
| v. | |
| ALN MEDICAL MANAGEMENT, LLC, | |
| Defendant. | |

| | |
|---|---|
| VIRGINIA GILLELAND, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ALN MEDICAL MANAGEMENT, LLC,<br><br>        Defendant. | **Case No.** 4:25-cv-03080-SMB-JMD |
| JOSHUA COTTON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ALN MEDICAL MANAGEMENT LLC, and NATIONAL SPINE AND PAIN CENTERS LLC.,<br><br>        Defendants. | **Case No.** 4:25-cv-03082-SMB-JMD |
| LAUREN MULLINS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ALN MEDICAL MANAGEMENT LLC, and HOAG CLINIC,<br><br>        Defendants. | **Case No.** 4:25-cv-03096-JMG-JMD |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE ACTIONS AND APPOINT INTERIM CO-LEAD COUNSEL AND MEMORANDUM IN SUPPORT

Please take notice that Plaintiffs Cameron Reed, Eugene Rosenberg, Robert Myers, Sherry Waldman, Benjamin Washington, Caroline Hurley, Jeffrey Judka, Gail Peck, Sarvenaz Safai, Virginia Gilleland, John Siebuhr, Joshua Cotton, and Lauren Mullins (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move the Court under Rule 42(a) of the Federal Rules of Civil Procedure for an Order consolidating these cases (hereinafter, the "Related Actions") captioned above into a single consolidated action for pre-trial purposes and setting scheduling deadlines. Plaintiffs' counsel communicated with counsel for ALN Medical Management LLC ("ALN"), National Spine Pain Centers LLC ("NSPC"), and Bethany Medical Center, P.A. ("BMC"), and Hoag Clinic ("Hoag") (collectively, "Defendants") who represented that although Defendants do not agree with Plaintiffs' characterization of the factual allegations, they do not oppose consolidation.

The Related Actions are the 13 actions set forth in the caption above. The Related Actions bring common claims arising from the same Data Breach against the same Defendants. Plaintiffs in the Related Actions each allege that Defendants allowed a foreseeable and preventable Data Breach to occur and thus failed to protect the Personally Identifiable Information ("PII") and Protected Health Information ("PHI") (collectively, "Personal Information") entrusted to them by Plaintiffs and putative class members. Plaintiffs seek similar damages and equitable relief arising out of the alleged Data Breach. Plaintiffs request that this Court consolidate the Related Actions under the first filed and lowest numbered *Reed* action with the new title "*In re ALN Medical Management LLC Data Incident Litigation*"; as well as any subsequently filed or transferred related actions, for pretrial purposes pursuant to Rule 42(a).

In addition to consolidating the actions, Plaintiffs request that the Court appoint interim lead counsel pursuant to Fed. R. Civ. P. 23 and set a briefing schedule for the filing, and response to, a consolidated complaint.

## I.    FACTUAL BACKGROUND

Defendant ALN is a healthcare advisory firm that provides services such as physician, facility, and non-par provider hospital billing, professional coding, claims recovery, review of billing practices, and credentialing. Defendant NSPC is a chronic pain treatment provider that utilized ALN's services. Defendant BMC is a surgery and recovery center that utilized ALN's services. Defendant Hoag Clinic is a regional healthcare provider that utilized ALN's services.

Plaintiffs and Class Members are current and former patients of NSPC, Hoag, and/or BMC. In the course of their relationship, patients, including Plaintiffs and Class Members, provided Defendants NSPC, Hoag, and/or BMC with sensitive Personal Information including but not limited to names, dates of birth, demographic information, Social Security numbers, driver's license numbers, government-issued ID numbers (e.g., passport, state ID card), financial information, health insurance information, and/or medical information. Plaintiffs and Class members allege that they relied on Defendants' promises to keep their Personal Information confidential and securely maintained. However, on information and belief, thousands of individuals had their Personal Information compromised in Defendants' Data Beach occurring in or around March 2024. Defendant ALN sent out Data Breach Notice Letters to impacted individuals approximately one year later, starting on or around March 21, 2025.

Plaintiffs Cameron Reed, Eugene Rosenberg, Robert Myers, Sherry Waldman, Benjamin Washington, Caroline Hurley, Jeffrey Judka, Gail Peck, Sarvenaz Safai, Virginia Gilleland, John Siebuhr, Joshua Cotton, and Lauren Mullins are current or former patients of Defendant ALN's

clients, or otherwise affiliated with, provided Personal Information to, or had their Personal Information provided to Defendants. Plaintiffs received Notice Letters and have individually filed Class Action Complaints in the United States District Court for the District of Nebraska seeking to represent a class of plaintiffs whose Personal Information was wrongfully and negligently disclosed by Defendants in the Data Breach. Plaintiffs brought claims directly related to the Data Breach including claims for common law negligence, negligence per se, unjust enrichment, invasion of privacy, breach of implied contract, and breach of third-party beneficiary contract; however, it is anticipated that the parties will file a consolidated amended complaint following this motion. Plaintiffs collectively agree that consolidation is appropriate under Federal Rule of Civil Procedure 42(a) as the Related Actions involve common questions of law and fact insofar as they all name Defendant ALN and one or more of its clients, arise from the same Data Breach event, and assert overlapping claims and putative classes. Plaintiffs believe that consolidation will avoid unnecessary delay, reduce the risk of inconsistent or duplicative rulings, mitigate litigation costs, and promote judicial efficiency.

## II.    ARGUMENT

### A.  CONSOLIDATION OF THE RELATED ACTIONS IS APPROPRIATE

The power to consolidate related actions falls within the broad inherent authority of every federal court "to control the disposition of the causes on its docket with economy of time and effort for its itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a). "District courts have broad discretion under [Rule] 42(a) to consolidate causes pending in the same district." *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977); *see also Cortez v. Nebraska Beef, LTD*, Nos. 8:08-cv-90; 8:08-cv-99, 2008 WL 2440743, at *1 (D. Neb. 2008) ("The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure § 2383* (2d ed. 1994)). In deciding a motion to consolidate, "[t]he court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it may cause." *Cortez*, 2008 WL 2440743 at *1. Consolidation is appropriate for actions that "involve[] common parties, overlapping legal issues, and related factual scenarios, and [when] the consolidation itself d[oes] not cause unfair prejudice." *Horizon Asset Mgmt. Inc. v. H&R Block Inc.*, 580 F.3d 755, 768 (8th Cir. 2009); *see also* Fed. R. Civ. P. 42(b) (stating that consolidation may be inappropriate if it leads to inconvenience, prejudice, or inefficiency).

Here, consolidation of these cases will achieve the goals of saving judicial resources and expenses while avoiding duplicative efforts. In each case, the legal and factual issues substantially overlap, and the actions against the same Defendants require proof of the same basic set of facts to support the cause of actions. Specifically, the Related Actions focus on whether Defendants had a duty to protect Plaintiffs' and putative class members Personal Information and are liable to consumers for their failure to adequately do so. Similarly, each case involves allegations related to the Data Breach of Defendant ALN's computer systems, and the class Plaintiffs are seeking to represent is the same: individuals who were impacted by the Data Breach. Discovery is likely to be identical as is the need to address defenses and future class certification procedures. *See e.g.*, *Ad-Ex, Inc. v. City of Chicago*, 247 Ill.App.3d 97, 103 (3d Dist. 1993) (Finding the trial court

properly consolidated 34 separate causes of action "of the same nature" because "the issues could be resolved upon a demonstration of the same or similar evidence."); *Cortez*, 2008 WL 2440743 at *2 (granting motion to consolidate after finding that Plaintiffs allege similar causes of injury against same Defendant). Consolidation of these cases will not result in delay nor otherwise cause prejudice but instead will increase conveniency and efficiency as these cases are at the same infancy stage of the proceedings. In sum, all parties are best served by having one judge, one action, and one forum for resolution.

In addition, to ensure continued judicial efficiency, Plaintiffs respectfully request the Court order that any future class or representative actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated into this action. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case."); *Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.").

### B. THE COURT SHOULD APPOINT FOR INTERIM LEAD COUNSEL

In addition to consolidating the actions, the Plaintiffs' request that the Court appoint (1) Jeff Ostrow of Kopelowitz Ostrow P.A. ("KO"), (2) Andrew Shamis of Shamis & Gentile P.A. ("Shamis and Gentile"), and (3) John Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") as Interim Co-Lead Counsel and Charles E. Schaffer of Levin Sedran & Berman LLP ( "Levin Sedran" ), Leigh S. Montgomery of EKSM, LLP, A. Brooke Murphy of Murphy Law Firm, Raina Borrelli of Strauss Borrelli PLLC, Mona Amini of Kazerouni Law Group, APC, Kennedy M. Brian of Federman & Sherwood, Andrew W. Ferich of Ahdoot & Wolfson, PC, Courtney E. Maccarone of Levi & Korsinsky, LLP to Plaintiffs' Executive

9

Committee pursuant to Fed. R. Civ. P. 23. Defendants take no position on the proposed leadership structure.

Together, the proposed Interim Co-Lead Counsel represent the combined experience, talents, and resources of recognized and successful data breach attorneys in the United States with a demonstrated commitment to "fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and with the court." *See* Manual for Complex Litigation § 10.21 (4th ed. 2004). Proposed Interim Co-Lead Counsel should be appointed based on their extensive knowledge, experience, and recognition in class action litigation, and, specifically, data breach litigation. *See Paxton v. Union Nat'l Bank*, 688 F.2d 552, 562-63 (8th Cir. 1982).

Collectively, Proposed Interim Co-Lead Counsel and their partners have led dozens of data breach class actions, including class actions in Nebraska and elsewhere. The group includes attorneys who have independently investigated and thoroughly analyzed the merits of the case prior to and since filing their own complaints. Together, proposed Interim Co-Lead Counsel can readily manage this important litigation and work towards a just, speedy, and efficient resolution in a cooperative manner with all plaintiffs' counsel as well as defense counsel, as they have done in numerous other cases.

In determining an interim class leadership appointment, the Court should "consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the

class." Fed. R. Civ. P. 23(g)(1)(B). In appointing a class action leadership team, the Court should not only "ensure that the lawyers appointed to leadership positions are capable and experienced" but also "that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38 (Best Practice 3C) (2d ed. 2018) ("Duke Guidelines").[1] These factors all support Plaintiffs' proposed leadership structure for this consolidated case.

### a. The Work Counsel Has Done.

Prior to filing their complaints, proposed Interim Co-Lead Counsel each conducted their own thorough and independent investigation of the data breach that gave rise to this class action including by reviewing publicly available information concerning the relationships between Defendants, the nature and scope of the Data Breach, and the impact of the Data Breach on members of the class. Proposed Interim Class Counsel also worked cooperatively with counsel for Plaintiffs in the Related Actions and Defendants to coordinate consolidation and the appointment of interim lead counsel. The proposed Interim Co-Lead Counsel filed independent complaints laying out the allegations as set forth above concerning the Data Breach and the injuries Plaintiffs experienced. Now, to better streamline counsels' efforts and the management of the consolidated case going forward, Plaintiffs request appointment of Interim Co-Lead Counsel.

### b. Counsel's Experience and Knowledge

The proposed Interim Co-Lead Counsel have proven management and leadership capabilities, excellent and diverse legal skills, and importantly, thorough knowledge of the subject

---

[1] Although the Duke Guidelines specifically address multi-district litigation, they are informative in a case such as this one.

matters and issues critical to this case. Proposed Interim Co-Lead Counsel will work well together (important to a cohesive, effective team), but they are also willing to reach out to and incorporate others to utilize their talents where needed. Most importantly, the Proposed Interim Co-Lead Counsel have unparalleled knowledge and expertise in prosecuting consumer privacy and data breach claims and expertise in Nebraska law.

   1.    **Jeff Ostrow of Kopelowitz Ostrow P.A.**[2]

Jeff Ostrow is the Managing Partner of KO and has been practicing law for 27 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to 25 attorneys.

Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow is counsel of record in more than 200 pending data breach cases. He is currently Lead Counsel in MDL-3090, *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), which involves 10 defendants and 6 million people. Additional examples of other cases in which he serves as Lead Counsel include: *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting eight million individuals; *In re Zeroed-In Techs., LLC Data Breach Litig.*, No. 1:23-cv-03284-BAH (D. Md.), affecting two million individuals, *Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.), affecting 2.5 million individuals;

---

[2] Additional information regarding Mr. Ostrow and his firm is set forth in the firm resume, attached hereto as **Exhibit 1**.

*Stallone v. Fin. Bus. & Consumer Sols., Inc.*, No. 2:24-cv-01876 (E.D. Pa.), affecting almost two million individuals; *Gambino v. Berry, Dunn, Mcneil & Parker LLC*, 2:24-cv-146 (D. Me.), affecting 1.1 million individuals; *Mclean v. Signature Performance, Inc.*, No. 8:24-cv-230 (D. Neb.), affecting at least 106,540 patients; *Wilson v. Frontier Comm'ns Parent, Inc.*, No. 3:23-CV-01418-L (N.D. Tex.), affecting at least 750,000 individuals; *Flores v. S. Tex. Oncology & Hematology, PLLC*, No. 2024CI13299 (Tex. Dist. Ct., Bexar Cty.), affecting 176,303 patients; *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah), affecting 4.3 million patients; *Griffiths v. Kootenai Health, Inc.*, No. 2:24-cv-205 (D. Idaho), affecting 827,149 patients, and *Butler v. Acadian Ambulance Serv., Inc.*, No. 6:24-cv-01011 (W.D. La.), affecting 3 million patients.

For about 13 years, Mr. Ostrow's firm served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litigation*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and is Liaison Counsel in *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, KO is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.), helping clients recover $100 million and $26 million, respectively.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, United States District Judge James Lorenz made the following observation when granting final approval of a settlement that included a $68 million

recovery and $1.2 billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead counsel, United States District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, United States District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), ECF No. 84 at 14.

Mr. Ostrow has worked productively with proposed Interim Co-Lead Counsel in many other cases. He is confident that this proposed leadership structure will result in an excellent recovery for all clients and Class Members.

## 2.    Andrew Shamis of Shamis & Gentile P.A.

Andrew Shamis is the managing partner at Shamis & Gentile, P.A. where he heads the class action and mass torts division of the firm. Mr. Shamis and his extensive experience in civil litigation has helped him recover over 1 billion dollars for consumers and plaintiffs throughout

the country through his relentlessness, expertise, and calculated approach. Mr. Shamis is routinely certified class counsel which has resulted in many favorable class settlements.

In connection with litigating class cases throughout the country, Mr. Shamis has made it a point to become a permanent member of many bars to effectively represent those communities. Mr. Shamis is permanently admitted to practice law in the states of Arizona, Florida, Georgia, Illinois, Missouri New York, Ohio, Texas, and Washington, as well as the U.S. District Courts for the Southern, Middle, and Northern Districts of Florida, Northern, Eastern, Western, and Southern Districts of New York, Northern and Southern District of Illinois, Northern, Middle, and Southern District of Georgia, Eastern and Western Districts of Michigan, Eastern and Western Districts of Wisconsin, Northern and Southern Districts of Ohio, Southern District of Indiana, Eastern and Western Districts of Missouri, Eastern and Western Districts of Oklahoma, Northern, Western, Eastern, and Southern Districts of Texas, Eastern and Middle Districts of Tennessee, US District Court if Colorado, US District Court for Arizona, and the US District Court of Nebraska. Some of Mr. Shamis' successes include the following[3]:

- *South, et. al. v. Progressive Select Insurance Company, et. al.*, No. 19-cv-21760 (S.D. Fla. 2023) ($48,800,000.00 Class Settlement)

- *Davis, et. al. v. Geico Casualty Company, et. al.*, No. 19-cv-02477 (S.D. Ohio 2023) ($5,756,500.00 Class Settlement)

- *Arevalo, et. al. v. USAA Casualty Insurance Company, et. al.*, No. 2020CI16240 (Bexar County, Texas 2023) ($4,089,287.50 Class Settlement)

- *Albrecht v. Oasis Power, LLC*, No. 1:18-cv-1061 (N.D. Ill. 2018) ($7,000,000.00 Class Settlement)

- *Bloom v. Jenny Craig, Inc.*, No. 1:18-cv-21820-KMM, 2018 U.S. Dist. LEXIS 51686 (S.D. Fla. 2018) ($3,000,000 Class Settlement)

---

[3] Additional information regarding Mr. Shamis and his firm is set forth in the Shamis & Gentile, P.A., resume attached hereto as **Exhibit 2**.

- *Cortazar v. CA Management Services Parent, LLC*, No. 19-cv-22075 (S.D. Fla.2019) ($1,500,000.00 Class Settlement)

- *DeFranks v. Nastygal.com USA Inc.*, No. 19-cv-23028-DPG (S.D. Fla. 2019) ($4,025,000 Class Settlement)

- *Deleon III, et. al. v. Direct General Insurance Company, et. al.*, No. 19-CA-001636 (9th Judicial Circuit, Osceola County) ($2,450,000 Class Settlement)

- *Dipuglia v. US Coachways, Inc.*, No. 17-23006-Civ, 2018 U.S. Dist. LEXIS 72551 (S.D. Fla. 2018) ($2,600,000 Class Settlement)

- *Eisenband v. Schumacher Automotive, Inc.*, No. 18-cv-01061 (S.D. Fla 2018) ($5,000,000 Class Settlement)

- *Flores v. Village Ford, Inc.*, No. 2:19-CV-12368 (E.D. Mich. 2019) ($1,050,000 Class Settlement)

- *Gottlieb v. Citgo Corporation*, No. 16-cv-81911 (S.D. Fla. 2016) ($8,300,000 Class Settlement)

- *Halperin v. YouFit Health Clubs, LLC*, No. 18-CV-61722-WPD (S.D. Fla. 2018) ($1,418,635 Class Settlement)

- *Hindes v. Ohio Mutual Insurance Company*, No. 20CV007627 (Franklin County, OH) ($1,875,000 Class Settlement)

- *Jacques, et. al. v. Security National Insurance Company*, No. CACE-19-002236 (17th Judicial Circuit, Broward County) ($6,000,000 Class Settlement)

- *Jones v. Washington State Employee's Credit Union*, No. 20-2-06596-5 (Superior Court of the State of Washington County of Pierce) ($2,400,000 Class Settlement)

- *Marengo v. Miami Resch. Assocs., LLC*, No. 1:17-cv-20459-KMW, 2018 U.S. Dist. LEXIS 122098 (S.D. Fla. 2018) ($1,236,300 Class Settlement)

- *McGowan v. First Acceptance Insurance Company, Inc.*, No. 21-CA-004864 (Fla. 9th Cir. Ct.) ($2,200,000 Class Settlement)

- *Ostendorf v. Grange Indem. Ins. Co.*, No. 2:19-CV-1147 (S.D. Ohio 2020) ($12,000,000 Class Settlement)

- *Papa v. Greico Ford Fort Lauderdale, LLC*, No. 1:18-cv-21897 (S.D. Fla. 2018) ($4,800,000 Class Settlement)

16

- *Patterson v. McCarthy Ford, Inc.*, No. 2020-CH-07042 (Circuit Court of Cook County, Illinois County Department, Chancery Division) ($1,870,000 Class Settlement)

- *Pena v. John C. Heath, Attorney at Law, PLLC*, d/b/a Lexington Law Firm, No. 18-cv- 24407-UU (S.D. Fla. 2018) ($11,450,863 Class Settlement)

- *Petit Beau, et. al., v. Ocean Harbor Casualty Insurance Company*, No. CACE-18-029268 (17th Judicial Circuit, Broward County) ($4,500,000 Class Settlement)

- *Picton v. Greenway Chrysler-Jeep-Dodge Inc. d/b/a Greenway Dodge Chrysler Jeep*, No. 19-cv-00196-GAP-DCI (M.D. Fla. 2019) ($2,745,000 Class Settlement)

- *Wijesinha v. Susan B. Anthony List, Inc.*, No. 18-cv-22880 (S.D. Fla. 2018) ($1,017,430 Class Settlement)

### 3.    John J. Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC

Mr. Nelson is a partner at the international plaintiffs' class action firm Milberg Coleman Bryson Phillips Grossman, PLLC[4] ("Milberg"). Mr. Nelson and his firm have deep class action experience and possess the skills to represent the putative class in this action. Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court. The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg has more than 100 attorneys and has offices across the U.S. and the European Union.

As an attorney with Milberg, Mr. Nelson has recently been appointed by state and federal courts as class counsel in data breach class actions, including: *In re Community Clinic of Maui Data Breach Litigation,* No. 1:24-cv-00431 (D. HI) (appointed co-lead counsel); *In Re: SAG-*

---

[4] Additional information regarding Mr. Nelson and his firm is set forth Milberg's firm resume, attached hereto as **Exhibit 3**.

*AFTRA Health Plan Data Security Litigation*, No. 2:24-cv-10503 (C.D. Cal.) (appointed co-lead counsel); *Feathers v. On Q Financial LLC*, 2:24-cv-00811 (D. Ariz.) (appointed co-lead counsel); *Anderson v. Oak View Group, LLC*, No. 2:24- cv-00719 (C.D. Cal.) (appointed co-lead counsel); *Puller-Soto v. UNITE HERE*, No. 1:24-cv-01565 (S.D.N.Y.) (appointed co-lead counsel); *Kohn et al. v. Loren D. Stark Company, Inc.*, Case No. 4:23-cv-03035 (S.D. Tex.) (appointed co-lead counsel); *In Re: Houser Data Breach Litigation*, No. 8:24-cv-00468 (C.D. Cal.) (appointed co-lead counsel); *In Re: Ethos Technologies Inc. Data Breach Litigation*, No. 3:22-cv-09203-SK (N.D. Cal.) (appointed co-lead counsel); *In Re F21 Opco, LLC Data Breach Litigation*, Case No. 2:23-CV-07390 (C.D. Cal.) (appointed co-lead counsel); *Garges v. Liberty Partners Financial Services, LLC*, No. 22CV01190 (Cal. Sup. Ct. for Santa Cruz Cty.) (final approval granted February 10, 2024); *Khederlarian et al. v. Utility Trailer Manufacturing Co.*, No. 22STCV30604 (Cal. Sup. Ct. for Los Angeles Cty.) (final approval granted November 1, 2023); *Michael Wilson v. Maxim Healthcare Services, Inc.*, No. 37-2022-00046497-CU-MC-CTL (Cal. Super. Ct. for San Diego Cty.) (final approval granted July 28, 2023); *Franchi, et al. v. Barlow Respiratory Hospital*, No. 22STCV09016 (Cal. Sup. Ct. for Los Angeles Cty.) (final approval granted July 12, 2024); and *Bustos v. Riverside Medical Clinic*, No CVRI2203466 (Cal. Sup. Ct. for Riverside Cty.) (final approval granted August 23, 2024).

### 4.    Plaintiffs' Executive Committee

The proposed Executive Committee will provide the leadership team with a wealth of knowledge, experience, and diversity. Their respective qualifications are set forth in their firm resumes, attached hereto as Exhibit 4.

### c.  Counsel's Resources

The substantial amount of resources that Proposed Interim Co-Lead Counsel have already

committed and will continue to commit to the case also strongly supports the appointment of Proposed Interim Co-Lead Counsel. As demonstrated above, Proposed Interim Co-Lead Counsel and their firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class. Proposed Interim Co-Lead Counsel's ability to draw from this well-developed repository of information will allow them to streamline the litigation.

Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the putative class. Proposed Interim Co-Lead Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the county. In fact, Proposed Interim Co-Lead Counsel have already demonstrated their commitment to this litigation by devoting substantial resources and coordinating among themselves to file this leadership proposal and motion to consolidate. And, as their firm resumes and counsels' experience indicate, Proposed Interim Co-Lead Counsel have the resources and capacity to see this litigation through its conclusion, including trial.

If appointed as interim counsel, Proposed Interim Co-Lead Counsel will continue to commit the same resources and effort to this case as they have committed to other successful class action litigations and are equally committed to working cooperatively and efficiently for the benefit of the class.

## III.    THE COURT SHOULD SET A SCHEDULE FOR THE FILING OF A CONSOLIDATED AMENDED COMPLAINT

Upon consolidating the above-captioned actions and appointing Interim Co-Lead Counsel, the Court should also set a schedule allowing for the Plaintiffs to file a Consolidated Amended Complaint to govern the consolidated proceedings. Plaintiffs request thirty (30) days from the

19

entry of an Order consolidating the cases and appointing leadership to file a consolidated complaint. Counsel for Defendants have requested, and Plaintiffs do not oppose, that Defendants be given forty-five (45) days from the date of the filing of the Consolidated Amended Complaint to answer or otherwise respond. If a motion to dismiss is filed, Plaintiffs request thirty (30) days to file a response thereto, and Defendants request to file a reply brief within twenty-one (21) days thereafter.

## IV.    CONCLUSION

For the foregoing reasons, the Parties request that the Court consolidate these cases. Considering the extensive experience of Proposed Interim Co-Lead Counsel in prosecuting class actions and the resources they can and will devote to the effective litigation of this case on behalf of the class, the Court should appoint Mr. Ostrow, Mr. Shamis, and Mr. Nelson as Interim Co-Lead Counsel and Charles E. Schaffer of Levin Sedran, Leigh S. Montgomery of EKSM, LLP,  A. Brooke Murphy of Murphy Law Firm, Raina Borrelli of Strauss Borrelli PLLC, Kennedy M. Brian of Federman & Sherwood, Andrew W. Ferich of Ahdoot & Wolfson, PC, Courtney E. Maccarone of Levi & Korsinsky, LLP as members of Plaintiffs' Executive Committee for these proposed consolidated actions. The Parties also request that the Court set a schedule, allowing Plaintiffs to file a Consolidated Complaint thirty (30) days after the Court grants this motion and for Defendants to answer or otherwise respond to the consolidated pleading within thirty (30) days. If a motion to dismiss is filed, Plaintiffs request thirty (30) days to file a response thereto, and Defendants request twenty-one (21) days to reply. All Parties join in the request to consolidate and set a schedule, and Defendants take no position on Plaintiffs' request to appoint Interim Co-Lead Counsel. A proposed order is attached hereto.


Date:   April 30, 2025                    Respectfully Submitted,

/s/ Andrew J. Shamis
Andrew J. Shamis
Leanna Loginov
**SHAMIS&GENTILE P.A.**
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
ashamis@shamisgentile.com
lloginov@shamisgentile.com

*Counsel for Plaintiff Cameron Reed*

/s/ A. Brooke Murphy
A. Brooke Murphy
**MURPHY LAW FIRM**
4116 Wills Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Tel: (405) 389-4989
abm@murphylegalfirm.com

*Counsel for Plaintiff Eugene Rosenberg*

/s/ Brian E. Jorde
Brian E. Jorde
Christian T. Williams
**DOMINALAW GROUP, PC LLO**
South 144th Street
Omaha, NE 68144
Tel: (888) 387-4134
bjorde@dominalaw.com
cwilliams@dominalaw.com

/s/ Domenica M. Russo
Domenica M. Russo
Brandon M. Wise
**PEIFFER WOLF CARRKANE CONWAY & WISE. LLP**
One U.S. Bank Plaza, Suite 1950
St. Louis, MO 63101
Tel: 314-833-4827
drusso@peifferwolf.com
bwise@peifferwolf.com

Eduard Korsinsky*
Courtney E. Maccarone*
**LEVI & KORSINSKY, LLP**

21

33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
ek@zlk.com
cmaccarone@zlk.com

*Counsel for Plaintiff Robert Myers*

*/s/ T.J. Jesky*
T. J. Jesky
**LAW OFFICES OF T. J. JESKY**
205 N. Michigan Avenue, Suite 810
Chicago, IL 60601-5902
Tel: 312-894-0130, Ext. 3
tj@jeskylaw.com

J. Gerard Stranch, IV*
Grayson Wells*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com

*Counsel for Plaintiff Sherry Waldman*

*/s/Jeff Ostrow*
Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One W Las Olas Blvd., Suite 500
Ft. Lauderdale, FL 33301
Tel: 954-332-4200
ostrow@kolawyers.com

*Counsel for Plaintiff Benjamin Washington*

*/s/ Raina C. Borrelli*
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel: (872) 263-1100
Fax: (872) 263-1109
raina@straussborrelli.com

22

*Counsel for Plaintiff Caroline Hurley, Benjamin Washington, and Lauren Mullins*

*/s/: Kennedy M. Brian*
Kennedy M. Brian
William B. Federman
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com
kpb@federmanlaw.com

*Counsel for Plaintiff Jeffrey Judka*

*/s/ Gary M. Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
gklinger@milberg.com

John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, LLC**
402 W. Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941
Email: jnelson@milberg.com

*Counsel for Plaintiff Gail Peck and Lauren Mullins*

*/s/ Mona Amini*
Abbas Kazerounian
Mona Amini
**KAZEROUNI LAW GROUP, APC**
245 Fischer Ave., Unit D1
Costa Mesa, CA 92626
Tel: (800) 400-6808
Fax:(800) 520-5523
ak@kazlg.com
mona@kazlg.com

*Counsel for Plaintiff Sarvenaz Safai*

23

_/s/ Jeffrey S. Goldenberg_
Jeffrey S. Goldenberg
**GOLDENBERG SCHNEIDER, LPA**
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Tel: (513) 345-8291
jgoldenberg@gs-legal.com

Charles E. Schaffer*
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
cschaffer@lfsblaw.com

Brett R. Cohen*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
bcohen@leedsbrownlaw.com

_Counsel for Plaintiff Virginia Gilleland_


_/s/ Leigh S. Montgomery_
Leigh S. Montgomery
**EKSM, LLP**
4200 Montrose Street, Suite 200
Houston, Texas 77006
Tel: (888) 350-3931
lmontgomery@eksm.com

_Counsel for Plaintiff John Siebuhr_

_/s/ Andrew W. Ferich_
Andrew W. Ferich
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel: 310-474-9111
Fax: 310-474-8585
aferich@ahdootwolfson.com

_Counsel for Plaintiff Joshua Cotton_

24

*pro hac vice* pending or forthcoming

**<u>CERTIFICATE OF COMPLIANCE</u>**

This brief complies with the 13,000-word limit set forth in Local Rule 7.1(d)(1)(A) for supporting briefs. Including all text, this brief contains 5,665 words. This was determined using the word-count function on Microsoft Word after highlighting all text, including the caption, headings, footnotes, and quotations.

*/s/ Andrew J. Shamis*
Andrew J. Shamis

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 30, 2025 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Andrew J. Shamis*
Andrew J. Shamis
