IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| *In re ALN Medical Management LLC Data Incident Litigation,* | Case No. 4:25-cv-03067-SMB-MDN <br><br> **UNOPPOSED MOTION FOR LEAVE TO FILE CONSOLIDATED AMENDED COMPLAINT** <br><br> Hon. Michael D. Nelson |

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs, by and through undersigned counsel, move the Court for an order granting Plaintiffs leave to file their Amended Consolidated Class Action Complaint ("CAC"), attached hereto as Exhibit 1. A redlined version of the CAC which shows the amendments to the original complaint is attached hereto as Exhibit 2. This request by Plaintiffs is pursuant to the Court's order on June 11, 2025, granting consolidation and ordering Plaintiffs to submit a motion seeking leave to file the CAC on or before July 21, 2025. ECF No. 28 at ¶ 4. Plaintiffs have met and conferred with Defendants ALN Medical Management, LLC ("ALN"), National Spine Pain Centers, LLC ("NSPC"), Bethany Medical Center, P.A. ("BMC"), and Hoag Clinic ("Hoag") (collectively "Defendants") who have each indicated that they do not oppose the relief sought herein.

**I.        BACKGROUND**

Defendant ALN is a healthcare advisory firm that provides services such as "physician, facility, and non-par provider hospital billing, professional coding, claims recovery, review of billing practices, and credentialing" to healthcare providers. Plaintiffs allege that between March 18 and March 24, 2024 ALN suffered a cyberattack on its computer information technology systems which resulted in the unauthorized access to Plaintiffs and Class members' sensitive

personal information. (the "Data Breach").

Thirteen different cases were filed by affected plaintiffs in connection with the Data Breach (the "Related Actions"). Plaintiffs in the Related Actions filed an Unopposed Motion to Consolidate Actions and Appoint Interim Co-Lead Class Counsel. ECF No. 18. On June 11, 2025, the Court entered an order granting consolidation into the first filed action, *Reed v. ALN Medical Management* LLC et al., Case No. 4:25-cv-3067, under the new title "*In re ALN Medical Management LLC Data Incident Litigation.*"  In its order granting consolidation, the Court ordered Plaintiffs to submit a motion seeking leave to file the CAC on or before July 21, 2025.

Plaintiffs now respectfully move this Court for leave to file a CAC.

## II. LEGAL STANDARD

Plaintiffs request leave to file the CAC pursuant to Federal Rule 15(a), which provides that the Court "should freely give leave when justice so requires."[1] The 8th Circuit consistently grants leave to amend unless there are "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd.*, Inc., 711 F.3d 918, 922 (8th Cir. 2013). "Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000).

For the foregoing reasons, none of the above factors are implicated in granting Plaintiffs' motion to seek leave to amend, and thus Plaintiffs should be granted leave to file the CAC.

## III. ARGUMENT

Plaintiffs readily qualify for leave to file the CAC. The proposed CAC is filed in good faith, is timely, will not cause undue prejudice to Defendants and is not futile.

### A. The Proposed CAC is filed in Good Faith

Plaintiffs bring this motion in order to to consolidate the factual allegations and causes of

---

[1] Fed. R. Civ. P. 15(a)(2).

actions asserted in the Related Actions in a single complaint. Allowing Plaintiffs to file a consolidated complaint will promote efficiency for both the parties and the Court and ensure that Defendants can respond to a single complaint rather than thirteen separate complaints with significantly overlapping factual allegations and causes of actions. All parties assent to the filing of a consolidated complaint as contemplated in Plaintiffs' Unopposed Motion to Consolidate Actions and Appoint Interim Co-Lead Class Counsel. ECF No. 18.

### B. The Motion is Timely and Will Not Cause Undue Delay

This Motion is timely filed and will not cause undue delay. "Undue delay" is generally understood to occur "when a party waits until the eleventh hour of its case to file its motion to amend." *Nitride Semiconductors Co. v. Digi-Key Corp.*, 2020 WL 13016670, at *3 (D. Minn. Aug. 10, 2020). However, "[d]elay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment.... The burden of proof of prejudice is on the party opposing the amendment." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001).

Here, Plaintiffs file this Motion pursuant to the Court's order on June 11, 2025 (ECF No. 28), which instructed Plaintiffs to file their motion to seek leave to file the CAC on or before July 21, 2025. *Id*. Plaintiffs file the current motion well before the deadline designated by the Court and before any Defendant has answered or otherwise responded to the initial complaints, further evidencing the timeliness of the motion. Additionally, Defendants do not oppose this motion. Consequently, no undue delay is caused by filing of the motion to seek leave to file the CAC.

### C. The Proposed CAC Will Not Prejudice Defendants and Defendants Has Consented to Plaintiff Filing the CAC

The filing of a CAC to govern the consolidated proceedings will solely help to promote judicial efficiency. Indeed, as this Court held, "consolidation will promote judicial efficiency, conserve the parties' and court's resources, and will avoid duplicative discovery and inconsistent court rulings." *Id*. The CAC will be based on the same facts already known to Defendants, which ensures that no prejudice will occur. *See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,

644 F.2d 690, 694 (8th Cir.1981) (holding that the inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.)

Moreover, because Defendants do not oppose the filing of the CAC, there is no prejudice to Defendants.

### D.  Filing of the Proposed CAC is Not Futile

In the 8th Circuit, Denial of a motion for leave to amend on the basis of futility is warranted only when a Court has "reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *See Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

Here, the claims in the CAC are substantially identical to those in the original Complaint, which have not yet been challenged by Defendants or adjudicated by the Court. Thus, filing of the proposed CAC is not futile.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Unopposed Motion for Leave to File their Amended Consolidated Class Action Complaint.

Dated: June 24, 2025

>
> */s/ Andrew J. Shamis*
> Andrew J. Shamis
> **SHAMIS & GENTILE, P.A.**
> 14 NE 1st Avenue, Suite 705
> Miami, Florida 33132
> ashamis@shamisgentile.com
>
> Jeff Ostrow*
> **KOPELOWITZ OSTROW, P.A.**
> One W Las Olas Blvd., Suite 500
> Ft. Lauderdale, FL 33301
> Tel: 954-332-4200
> ostrow@kolawyers.com
>
> John J. Nelson *
> **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**
> 402 W. Broadway, Suite 1760

San Diego, CA 92101
Telephone: (858) 209-6941
Email: jnelson@milberg.com

Interim Co-Lead Class Counsel

*denotes admitted Pro Hac Vice*
