IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ALN MEDICAL MANAGEMENT LLC DATA INCIDENT LITIGATION | Case No. 4:25-cv-03067<br><br>Consolidated Class Action |

**STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIALS**

Pursuant to the agreement between Plaintiffs Cameron Reed, Eugene Rosenberg, Lauren Mullis, Jeffrey Judka, Virginia Gilleland, Robert Meyers, Caroline Hurley, and Timothy Keggins ("Plaintiffs") and Defendant ALN Medical Management, LLC ("Defendant"), the Court hereby enters this Protective Order ("Order") granting the Stipulation at Filing No. 85 regarding the confidentiality of documents and information ("materials") being sought through discovery in the above-captioned action ("Action"):

**DEFINITIONS**

1. The following definitions shall apply in this Order:

    1.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    1.2 The term "Confidential Material(s)" will mean and include information (regardless of how it is generated, stored or maintained) or tangible things that a producing party contends qualifies for protection under Fed. R. Civ. P. 26(c) or contends contains information that reveals trade secrets; proprietary business information; research, technical, commercial, or financial information that the party has maintained as confidential; intellectual property; medical information concerning any individual's personal identity information; personally identifiable information that may have been impacted as part of the data incident that is the subject of this litigation; confidential employee information, including personally identifiable information; competitively sensitive

        information; non-public materials relating to Defendant's investigation of the data incident and notification to and communications with covered entities and patients that are not Highly Confidential Materials covered by Paragraph 1.3; and other confidential information implicating a party's common law or statutory privacy interests. Confidential Materials include documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs. Information or documents that are available to the public may not be designated as Confidential Materials.

1.3    The term "Highly Confidential Material(s)" will mean and include information (regardless of how it is generated, stored or maintained) or tangible things that a producing party contends qualifies for protection under Fed. R. Civ. P. 26(c) or contends contains confidential or sensitive, non-public information, including, but not limited to, information that reveals trade secrets and/or research; technical, commercial, or financial information; customer contracts, requests for proposals, or other highly sensitive practices, processes, or information not disclosed in the course of business that would put Defendant at a competitive disadvantage if disclosed to third parties; personnel or employment records; information that the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or the competitive position of that party or the personal privacy of an individual; and any document containing protected health information and/or highly sensitive materials or information that a party believes in good faith to be subject to federal, state, or foreign data protection laws. Without derogating from the aforesaid, any party may designate as "Highly Confidential" any document,

information, or material that contains or reflects proprietary or sensitive technical information, including but not limited to system and IT architecture, source code, design, structure, or other technical specifications.

1.4 The term "Counsel" will mean attorneys of record and in-house attorneys in the action, as well as the attorneys, paralegals, and clerical and secretarial staff employed by and working for such attorneys.

1.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

1.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admission, tangible things, and informal exchanges of information), that are produced or generated in disclosures or responses to discovery in this matter, whether formally or informally.

1.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or in good faith as a consultant or technical advisor in this action (as well as their employees and support staff).

1.8 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

1.9 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, jury research or trial preparation services, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

      1.10      Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

      1.11      Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## **PROCEDURES**

2.      <u>Scope.</u> This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this Action that are designated to be subject to this Order. The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the parties or their Counsel that reveal Protected Material.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and time calculation.

3.      <u>Marking.</u> Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26© or other provision of law, or that otherwise contain Confidential Materials or Highly Confidential Materials, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page or image as reasonably practicable. Documents produced on DVD, CD, on other media, or electronically, may be designated for production under this Order by similarly labelling the media or placing the electronic file in a folder labeled "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."  Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked

documents and do not otherwise disclose the substance of the Confidential Materials or Highly Confidential Materials are not required to be marked.

        4.      <u>Depositions.</u> A designating party may designate those portions of the transcript CONFIDENTIAL or HIGHLY CONFIDENTIAL, in accordance with paragraph 3 of this Order. The designating party shall designate such Confidential Materials or Highly Confidential Materials either on the record or by serving upon all counsel of record via email a Notice setting forth the page, line numbers and designation. Within 30 days of receiving a deposition transcript, any party may designate all or any portion of it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by written notice served on the opposing party identifying the pages or lines that are to be afforded "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" treatment or otherwise indicating the entirety of the transcript is to be afforded "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" treatment. During the 30-day period following receipt of the deposition transcript, it shall be treated as "CONFIDENTIAL," unless otherwise agreed to by the parties. Alternatively, a party may designate all or any part of a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by stating on the record during the deposition that all or part of the deposition should be so treated. Any portions of a transcript designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph as necessary.

        5.      <u>Use.</u> All Confidential Materials or Highly Confidential Materials, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this Action, as well as any appeals, in accordance with this Order. A person or entity receiving Confidential Materials or Highly Confidential Materials must (i) maintain such information in confidence using the same degree of care it would use in safeguarding its own confidential or proprietary information, but in no event less than a reasonable degree of care, (ii) use such Confidential Materials or Highly Confidential

Materials only for the purposes described herein, and (iii) prevent the disclosure of such information to third parties in accordance with this Order. In addition, any person in possession of Confidential of Highly Confidential Material received from another person or entity in connection with this Action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential or Highly Confidential Material, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information.

6. <u>Other Proceedings.</u> The Parties agree that Confidential Materials or Highly Confidential Materials produced in discovery in this case shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings.

7. <u>Restrictions on Disclosure of Confidential or Highly Confidential Materials</u>.

    7.1 Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party shall not disclose any Confidential Materials to any person or entity other than: (i) the parties and their Counsel; (ii) court reporters and their staff; (iii) mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation; (iv) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation; (v) witnesses who are deposed in this Action or who are called to testify as witnesses at any hearing or trial in this action; (vi) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; (vii) the Court and its personnel, and members of any jury impaneled to hear this case; (viii) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; (ix) a Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action. All such staff shall be subject to the

provisions of this Order; and (x) other persons only by written consent of the Producing Party or order of the Court, on such conditions as may be agreed or ordered. Plaintiffs' PII and PHI, even if designated as Confidential, may be used as necessary in seeking third party discovery related to Plaintiffs so long as a copy of this Protective Order is shared with the third party.

7.2    Highly Confidential Materials shall not, without consent of the party producing such Highly Confidential Materials or further Order of the Court, be disclosed to any person except Counsel, and the persons listed in paragraph 7.1(ii)-(iii), (iv), (vi)-(vii) and (ix-x), and all deponents listed in paragraph 7.1(v) who are current or former employees, managers, or executives of Defendant. Highly Confidential Materials may be disclosed to persons listed in paragraph 7.1(v), provided the Parties first meet and confer about any concerns relating to, as well as needed limits on, such anticipated disclosures and do so reasonably in advance of the anticipated disclosures. Plaintiffs' PII and PHI, even if designated as Highly Confidential, may be used as necessary in seeking third party discovery related to Plaintiffs so long as a copy of this Protective Order is shared with the third party.

7.3    Confidential Materials and Highly Confidential Materials shall not be disclosed to any person designated in paragraph 7.1(iii)-(v) and-(ix) unless he or she has executed a written, dated declaration in the form attached as ***Exhibit A***, acknowledging that they have first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such Confidential Materials or Highly Confidential Materials to anyone, and agreed to utilize such Confidential Materials or Highly Confidential Materials solely for the purposes of this litigation. All persons to whom Confidential Materials or Highly Confidential Materials are disclosed shall not disclose same to any other person except as provided in this Order, and are also enjoined from using same except in the

preparation for and trial of this case between the named parties thereto. No person receiving or reviewing Confidential Materials or Highly Confidential Materials shall disseminate or disclose them to any person other than those described above in paragraph 7.1 and for the purposes specified, and in no event shall such person make any other use of such Confidential Materials or Highly Confidential Materials. Counsel shall maintain copies of the forms signed by persons acknowledging their obligations under this Order for a period of one year after the termination of the case.

  7.4 No person receiving or reviewing Confidential Materials or Highly Confidential Materials shall disseminate or disclose them to any person other than those described above in paragraphs 7.1 and 7.3. Nothing in this Order shall limit a party's right to use its own Protected Material as it deems appropriate.

  8. <u>Challenging Confidentiality Designations.</u> In the event that any party disagrees with any designation made under this Order, that party may serve written notice on all parties specifying, by bates number, which documents are improperly designated and a statement providing the basis for the challenge. During the 7-day period following service of such a notice, the parties shall confer in an effort to resolve the objections. In conferring, the Challenging Party shall explain the basis for its belief that the confidentiality designation was not proper and shall give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the dispute is not resolved, the contesting party may move for an order removing the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation from such documents. The specified documents shall continue to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pending resolution of the dispute by the Court. The party seeking to designate the document(s) as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall have the burden to establish that the document(s) qualify as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

9. <u>Filing or Use of Protected Material.</u> A Receiving Party may not file in the public record any Protected Material. Any party seeking to file Protected Material with the Court shall seek permission of the Court to file the Protected Material under restricted access. No document shall be filed under restricted access unless counsel secures a court order allowing the filing of a document under restricted access. An application to file a document under restricted access shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If the application to file Protected Material under restricted access is being made by the Receiving Party, then, upon request, the Designating Party must provide within 3 days a legal basis for the confidential designation to include with the application. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed. Documents placed under restricted access must be filed in accordance with CM/ECF Procedures, unless otherwise ordered by the Court. Alternatively, a Receiving Party may file Protected Material that (i) has had all Confidential Material or Highly Confidential Material redacted so long as the Designating Party consents to the scope of redaction or (ii) is submitted for in camera review only (*e.g.*, in connection with discovery or evidentiary motions).

10. <u>Final Disposition.</u> Within 45 days after the final disposition of this case, each Receiving Party shall assemble and return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 45-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such documents prepared, but not filed with the Court, must not duplicate Confidential Material or Highly Confidential Material verbatim or have Confidential Material or Highly Confidential Material as an attachment. Any such archival copies that contain or constitute Protected Material remain subject to this Order. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

    11.    <u>Inadvertent Disclosure and Clawback; Non-Waiver</u>.

        11.1    To the extent not modified or otherwise addressed by this Order, privileged information produced in this matter will be handled in accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502(d). The provisions of this section constitute an order pursuant to Fed. R. Evid. 502(d) and (e). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a pre-production review of documents, ESI or information (including metadata) for responsiveness/relevance, privilege and/or other protection. While parties may redact certain information in accordance with the provisions of the ESI Protocol, a party's failure to do so shall not by itself waive such protection, and the party may clawback any such documents or information pursuant to Fed. R. Evid. 502(d).

        11.2    The disclosure or production of any document or information subject to a claim of attorney-client privilege, work product protection, or any other ground on which the production of such information should be withheld, does not constitute a waiver of, or estoppel as to, such claim of privilege, work product

   protection, or other ground for withholding production that the producing party would otherwise be entitled to, and shall not result in any waiver, including subject-matter waiver, of any kind in this Action and in any state or federal proceeding.

 11.3 At the time of the clawback, the Producing Party shall provide information to the Receiving Party regarding the asserted privilege(s) as would normally be contained in a privilege log.

 11.4 Due to the large volume of electronic and hard copy data in the possession, custody, or control of the parties and the concerns regarding attorney-client privilege, work-product protection, and other privileges and immunities under applicable law, this "clawback" provision is intended to expedite and facilitate the production and clawback of electronic and hard copy data, information and documents, and to protect against waiver of any such privileges and immunities upon disclosure of such privileged or protected materials and information.

 11.5 Nothing in this Order may be construed to require the production of any information that a party contends is protected from disclosure or production by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity.

12. <u>Disputing Claims of Privilege or Immunity Over Produced Documents</u>.

 12.1 If a Producing Party produces or discloses Discovery Material that it believes is subject to a claim of attorney client privilege, work product immunity, or other immunity under applicable law, the Producing Party must give written notice to the Receiving Party or Parties that the Discovery Material is subject to a claim of attorney-client privilege, work product immunity, or other privilege or immunity under applicable law and request that the document be returned to the Producing Party. The Producing Party is not required to provide

any explanation or evidence regarding the reasonableness of efforts taken to prevent such disclosure or production.

12.2 A Receiving Party must promptly alert the Producing Party if information that is produced, disclosed, or exhibited by a Producing Party appears, either on its face or in light of facts known to the Receiving Party, to be privileged or protected.

12.3 If the Receiving Party disclosed to others the privileged or protected information before being notified, it must take reasonable steps to retrieve and prevent all further use or distribution of such information.

12.4 Unless challenged, the Receiving Party or Parties must, to the extent technically feasible, return to the Producing Party (with the cost borne by the Producing Party) and/or destroy such Discovery Material and destroy any and all copies within 10 business days of the receipt of such a request in accordance with Appendix B of the ESI Protocol. Any such Discovery Material that may exist on any computer or back-up media that cannot be reasonably deleted may be retained until such time as they are subject to routine deletion or destruction provided that no person attempts to access the contents of the information unless allowed under the terms of this Order. Return or destruction of the Discovery Material by the Receiving Party does not constitute an admission or concession, or permit any inference, that the returned Discovery Material is, in fact, properly subject to a claim of attorney client privilege, work product immunity, or other privilege or immunity under applicable law, nor does it foreclose any party from moving the court for an order that such Discovery Material has been improperly designated or should be produced for reasons other than waiver.

12.5 If the Receiving Party challenges the designation of the Discovery Material as privileged or protected information, including challenge to any clawback by the

        Producing Party pursuant to Section 11, the Receiving Party must notify the Producing Party of its intent to challenge within 7 business days of receipt of the written notification of produced Discovery Material per Section 12.1. However, to the extent that a Producing Party seeks to claw back more than 100 documents within a 7-day period, the Receiving Party shall be provided an additional 7 business days, or additional time as the Parties agree, to review such documents and dispute the privilege claims asserted over them. The Receiving Party may retain and sequester the documents as contemplated by Fed. R. Civ. P. 26(b)(5)(B). The Receiving Party may submit the Discovery Material to the Court for in camera review as contemplated by Fed. R. Civ. P. 26(b)(5)(B). It may not use or disclose the privileged or protected information, in any manner or for any other purpose, unless and until after the court has determined that the information is not privileged or protected. The motion shall be redacted or filed under restricted access, if necessary, and shall not assert the fact that the privileged material was produced in this Action as grounds for ordering production of the documents or information. If the court determines the information is privileged or protected, the Receiving Party must destroy the Discovery Material and all copies within 5 business days.

12.6    Nothing herein prevents the Receiving Party from challenging the propriety of the claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity through the meet and confer process and, if necessary, by submitting a written challenge to the court.

13.    <u>No Waiver.</u> An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

14. <u>Unauthorized Disclosure.</u> If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the declaration attached hereto as Exhibit A.

15. <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16. <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation.</u> If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that party shall (a) promptly notify in writing the Designating Party, and include a copy of the subpoena or court order; and (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, and include a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection

in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

17. Nothing in this Order shall be construed to prevent a party or a non-party from seeking such further provisions regarding confidentiality as may be appropriate.

18. Nothing in this Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trial of evidentiary materials.

19. Except as to documents filed with the Court, this Order shall remain binding after the final disposition of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgement attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

**IT IS SO AGREED AND STIPULATED, BY COUNSEL OF RECORD.**

**[Signatures on next page]**

Respectfully submitted,

Dated: December 1, 2025

/s/ *Sean B. Solis*
Casie D. Collignon
Sean B. Solis
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: (303) 861-0600
ccollignon@bakerlaw.com
ssolis@bakerlaw.com

*Counsel for Defendant ALN Medical Management LLC*

Dated: December 1, 2025

/s/ *Jeff Ostrow*
Jeff Ostrow
**KOPELOWITZ OSTROW, P.A.**
One W Las Olas Blvd., Suite 500
Ft. Lauderdale, FL 33301
Telephone: (954) 332-4200
ostrow@kolawyers.com

Andrew J. Shamis
Leanna Loginov
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: (305) 479-2299
ashamis@shamisgentile.com
lloginov@shamisgentile.com

John J. Nelson
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**
402 W. Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941
jnelson@milberg.com

*Interim Co-Lead Class Counsel*

**SO ORDERED**, this 2nd day of December, 2025.

Michael D. Nelson
U.S. Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ALN MEDICAL MANAGEMENT LLC DATA INCIDENT LITIGATION | Case No. 4:25-cv-03067<br><br>(Filed November 26, 2025)<br><br>**AGEREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING DISLOSURE OF CONFIDENTIAL MATERIALS OR HIGHLY CONFIDENTIAL MATERIALS** |

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    My present occupation or job description is _____.

    4.    I have carefully read and understood the provisions of the Stipulated Protective Order Regarding Disclosure of Confidential Materials and Highly Confidential Materials in this case signed by the Court, and I will comply with all provisions of the Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential Material or Highly Confidential Material or any words, summaries, abstracts, or indices of Confidential Material or Highly Confidential Material disclosed to me.

    6.    I will limit use of Confidential Material and Highly Confidential Material disclosed to me solely for purpose of this action.

    7.    No later than the final conclusion of the case, I will return all Confidential Material or Highly Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                     Name: _____