IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAMERON REED, individually, and on behalf of all others similarly situated; JOHN SIEBUHR, TIMOTHY KEGGINS, JEFFREY JUDKA, and CAROLINE HURLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>ALN MEDICAL MANAGEMENT LLC,<br><br>Defendants. | 4:25CV3067<br><br>**MEMORANDUM AND ORDER CERTIFYING CONSOLIDATED SETTLEMENT CLASS, PRELIMINARY APPROVING CLASS-ACTION SETTLEMENT, AND APPROVING FORM AND MANNER OF NOTICE** |

This matter is before the Court on the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Filing No. 63). For the reasons set forth below, the Court will grant the motion.

Defendant ALN Medical Management LLC is a "a healthcare advisory firm that provides services such as physician, facility, and non-participating provider hospital billing, professional coding, claims recovery, review of billing practices, and credentialing to other healthcare-related Clients[.]" (Filing No. 64-1 at 1.) ALN's clients include Allied Physicians Group, PLLC, Bethany Medical Clinic of New York, PLLC, Hoag Clinic, and National Spine and Pain Centers, LLC, who are co-defendants in the present action or in related litigation. (Filing No. 64-1 at 1.)

Defendant ALN held the private information of Plaintiffs Cameron Reed, Eugene Rosenberg, Lauren Mullis, Jeffrey Judka, Virginia Gilleland, Robert Meyers, Caroline Hurley, and Timothy Keggins, whose private information was compromised in a data breach in March of 2024. (Filing No. 64-1 at 3.) Plaintiffs, along with approximately 1.8 million current and former patients of Defendant ALN's clients, were apprised of this breach in March of 2025. (Filing No. 64-1 at 3.) On March 25, 2025, Plaintiff Cameron Reed filed the first putative class action, which alleged the breach exposed private information, entitling him to money damages and injunctive relief. (Filing No. 1.) On June 11, 2025, the Court consolidated Plaintiffs' class actions, and Plaintiffs filed a consolidated amended class action complaint on June 25, 2025, alleging negligence, breach

of contract, breach of third-party beneficiary contract, unjust enrichment, and violations of the California Consumer Privacy Act. (Filing No. 36.)

After mediating the dispute on August 4, 2025, Plaintiffs and all defendants except Defendant Long View agreed to settle Plaintiffs' claims against the settling defendants and other parties. (Filing No. 64-1 at 4.) The parties released by the settlement agreement specifically include:

> Defendant ALN, Health Prime International, LLC, HPI Holdco, LLC, Lotus HPI Buyer, Inc., Lotus HPI Intermediate, Inc., Lotus HPI Parent, Inc., Lotus HPI TopCo, L.P., Lotus HPI TopCo GP, LLC, Aquiline Financial Services Fund V, L.P., Aquiline Capital Partners LP, Aquiline Lotus Co-Invest L.P., Aquiline Capital Partners V GP (Offshore) L.P., Aquiline Capital Partners V GP (Offshore) Ltd., AFSF V Co-Invest GP Ltd., and their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, managers, shareholders, members, employees, servants, attorneys, accountants, insurers, reinsurers, benefit plans, partners, predecessors, successors, managers, administrators, executors, trustees, and any other person acting on their behalf, in their capacity as such; and
>
> Defendant ALN's Clients, including, but not limited to, Allied Physicians Group, PLLC, Bethany Medical Clinic of New York, PLLC, Hoag Clinic, and National Spine and Pain Centers, LLC, and their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, employees, servants, attorneys, accountants, insurers, reinsurers, benefit plans, partners, predecessors, successors, managers, administrators, executors, trustees, and any other person acting on their behalf, in their capacity as such.

(Filing No. 64-1 at 12-13.)

Plaintiffs now seek the preliminary approval of the proposed class action settlement. (Filing No. 63.)

To approve the parties' proposed class action settlement, the Court must preliminarily certify the plaintiffs' consolidated class action. Fed. R. Civ. P. 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3)

typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class). *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Those requirements are satisfied here.

The numerosity requirement is met because the plaintiffs represent the approximate 1.8 million current and former patients of Defendant ALN's clients that received a written notice that their private information may have been impacted in a data breach. (*See* Filing No. 64-1 at 3.) Commonality is satisfied because the legal and factual issues surrounding the defendants' course of conduct arise out of the same data breach and March 2025 notice of such breach. (*See* Filing No. 64-1 at 3.) Typicality is present for the same reason: typicality means that there are other members of the class who have the same or similar grievances as the plaintiff. *Paxton v. Union Nat. Bank*, 688 F.2d 552, 562 (8th Cir. 1982). Adequacy of representation is present because there is no conflict of interest between the named plaintiffs and the class they seek to represent—they possess the same interest and injury as the class members. *See Amchem*, 521 U.S. at 625-26.

When the requirements of Rule 23(a) have been met, as they are here, a class action may be maintained in the circumstances defined by Rule 23(b)(1), (2), or (3). Certification under Rule 23(b)(3) is appropriate here, because "the questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Predominance exists when common questions concerning a significant aspect of a case can be resolved in a single action." *Jones v. CBE Grp., Inc.*, 215 F.R.D. 558, 569 (D. Minn. 2003).

Here, the alleged negligence, breach of contract, unjust enrichment, and violations of the California Consumer Privacy Act predominate individualized questions of damages or the cause thereof. (*See* Filing No. 36.) *See id.*; *In re Workers' Compensation*, 130 F.R.D. 99, 108 (D. Minn. 1990). The legal issues surrounding defendants' alleged breach of tort, contractual, and statutory duties indicate that a class action will be a superior method of adjudication, "achiev[ing] economies of time, effort, and expense, and promot[ing] uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615 (cleaned up); Fed. R. Civ. P. 23(b)(3).

3

Because an action maintained as a class suit under Rule 23 has a res judicata effect on all members of the class, due process requires that notice of a proposed settlement be given to the class. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975). The notice given "'must be reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.*; Fed. R. Civ. P. 23(c)(2)(B). In addition, the notice must reasonably convey the required information and afford a reasonable amount of time for those interested to make their appearance. *Grunin*, 513 F.2d at 120. The contents must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings, in "plain, easily understood language." *Id.* at 122; Fed. R. Civ. P. 23(c)(2)(B).

The notices proposed for this case meet most of those requirements. They inform the class members of the action and their options, accurately characterize all the pertinent terms of the settlement agreement (including attorney fees and expenses), and afford the class members a reasonable opportunity to object. However, the notices use vague language to describe the event which gave rise to the class action that does not identify the date of the data breach or who might have notified potential class members of the breach. (*See* Filing No. 64-1 at 46, 49, 50, 54, 59.) To ensure that settlement class members understand the lawsuit, and to prevent unnecessary confusion, the language on the notices should be identical and more specific. Therefore, the Court will generally approve the form of notice but will require the following amendments.

The Court requires the following amendment to the identification of the settlement class in the three forms of notice provided (Filing No. 64-1 at 46, 49, 54):

> If You Are A Person In The United States Who Was Sent a Notice from ALN Medical Management LLC That Your Private Information May Have Been Impacted As A Result Of The Data Incident, Which Occurred In March Of 2024, You Are Eligible To Receive A Settlement Class Member Benefit From A Class Action Settlement

Since the language identifying the settlement class should be consistent to avoid confusion, other definitions of the settlement class should identify the date of the data breach and who sent the initial notice of breach. (*See* Filing No. 64-1 at 46, 50, 54, 59.)

4

Otherwise, the proposed notices comport with the requirements of Rule 23(c)(2)(B). The settlement agreement provides for three methods of notice: an email notice, a postcard notice, and a long form notice. (Filing No. 64-1 at 23.) The email form will be sent to the email addresses maintained by Defendant ALN or its clients. (Filing No. 64-1 at 23.) For any class members for whom an email address is not provided but a physical address is known will be sent a postcard notice. (Filing No. 64-1 at 23.) Physical addresses will be updated using the USPS National Change of Address database. (Filing No. 64-1 at 22-23.) The proposed email and postcard notices contain information on who is a class member, the effect of the settlement on legal rights, basic descriptions of the claim, opt-out, and objection procedures. (Filing No. 64-1 at 46-47, 49-50.) Additionally, there will be a settlement website where interested parties may obtain more information, including the long form notice, providing notice by publication. (Filing No. 64-1 at 14-15.) The long form notice can also be mailed to any settlement class member upon request. (Filing No. 64-1 at 9.) These notices, with the Court's changes, satisfy the requirements of Rule 23 and provide sufficient due process. *See* Fed. R. Civ. P. 23(e)(1)(B) and (c)(2)(B).

Additionally, the Court has conferred with the parties' counsel on the exclusion of all "court staff" from the settlement class. The parties have agreed to specify that the undersigned judge's chamber's staff will be excluded from the settlement class, rather than all court staff.

Finally, the Court has reviewed the proposed class action settlement (Filing No. 64-1) and finds that it can likely be approved under Rule 23(e)(2) for the reasons discussed above. *See, e.g., Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 992 (8th Cir. 2003) ("In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate.").

Accordingly,

**IT IS ORDERED:**

1. The Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Filing No. 63) is granted.

2. The agreements, terms, and conditions of the settlement agreement (Filing No. 64-1) are preliminarily approved pending a fairness hearing.

3.  ~~For~~ For purposes of settlement only, this action may be maintained as a class action under Fed. R. Civ. P 23. The Court certifies the settlement class as:

    > All living individuals residing in the United States who were sent a notice from ALN Medical Management LLC of the Data Incident, which occurred in March of 2024, indicating their Private Information may have been impacted in the Data Incident (the "Settlement Class Members").

4.  The Settlement Class specifically excludes: (1) all persons who are parents, subsidiaries, directors, officers, members, and agents of Defendant ALN, and any entity in which Defendant has a controlling interest; (2) governmental entities; (3) the Judge assigned to the Action, that Judge's immediate family, and that Judge's chamber's staff; (4) all individuals who timely opt-out of the Settlement; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident, or who pleads *nolo contendere* to any such charge.

5.  Plaintiffs Cameron Reed, Eugene Rosenberg, Lauren Mullis, Jeffrey Judka, Virginia Gilleland, Robert Meyers, Caroline Hurley, and Timothy Keggins are provisionally designated and appointed as Class Representatives.

6.  The Court finds that Jeff Ostrow of Kopelowitz Ostrow P.A., Andrew Shamis of Shamis & Gentile, P.A., and John J. Nelson of Milberg Coleman Bryson Phillips Grossman PLLC, are appointed as Class Counsel.

7.  The Court appoints Kroll Settlement Administration, LLC as Settlement Administrator.

8.  On or before January 4, 2026, the Settlement Administrator shall disseminate notice to the Class in the manner set forth in the Settlement Agreement.

9.  The Claim Form and three forms of notice (Filing No. 64-1 at 46-47, 49-52, 54-65), as edited by the Court as follows:

> If You Are A Person In The United States Who Was Sent a Notice from ALN Medical Management LLC That Your Private Information May Have Been Impacted As A Result Of The Data Incident, Which Occurred In March Of 2024, You Are Eligible To Receive A Settlement Class Member Benefit From A Class Action Settlement

are constitutionally adequate and are hereby approved. The Notice contains all essential elements required to satisfy federal statutory requirements and due process under Rule 23(c)(2)(b), the United States Constitution, and other applicable laws. The Court further finds that the form, content, and method of providing the Settlement Class Notice, as described in the Settlement Agreement, including the exhibits thereto, (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members.

10. The Notice Program set forth in the Settlement Agreement and described herein satisfies the requirements of Rule 23(c)(2)(b), provides the best notice practicable under the circumstances, and is hereby approved.

11. The Settlement Administrator is directed to carry out Notice and the Notice Program, as set forth in the Settlement Agreement.

12. Settlement Class Members who seek to be excluded from the Settlement Class must send objections to the Clerk of Court by U.S. Mail, to Class Counsel, to Defendant ALN's Counsel, and to the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than <u>April 15, 2026</u>, as specified in the Notice, and the Settlement Class Member must not have opted out of the Settlement Class. Objections submitted by mail must be

postmarked on the envelope no later than <u>April 15, 2026</u>. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

13. All written objections and supporting papers must clearly set forth the following:

   a. the objector's full name, mailing address, telephone number, and email address (if any);

   b. the case name and number: *In re: ALN Medical Management LLC Data Incident Litigation*, Case No. 4:25-cv-03067-SMB-MDN (D. Neb.);

   c. documentation sufficient to establish membership in the Settlement Class, such as a copy of the Postcard Notice or Email Notice he or she received;

   d. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

   e. the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

   f. the identity of all counsel (if any) who represent the objector, and whether they will appear at the Final Approval Hearing, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

   g. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related

8

        to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

    h.     a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

    i.     a statement confirming whether the objector or their counsel (if any) intends to personally appear and/or testify at the Final Approval Hearing; and

    j.     the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant ALN's Counsel may conduct limited discovery on any objector or objector's counsel, including taking depositions and propounding written discovery.

14. Class members who do not submit timely and valid requests for exclusion shall be bound by all subsequent proceedings, orders, and the judgment in this litigation should the proposed settlement receive final approval.

15. Without limiting the foregoing, any challenge to the Settlement Agreement, this Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

16. The Class Representatives, Class Counsel, and Defendant ALN's Counsel have created a process for assessing the validity of claims and a payment method to Settlement Class Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement Class Member Benefits to the Settlement Class and the plan for distributing the Settlement Class Member Benefits as described in Section V of the Settlement Agreement.

17. The Court directs that the Settlement Administrator distribute Settlement Class Member Benefits according to the terms of the Settlement Agreement, should the

Settlement be finally approved.

18. Settlement Class Members who qualify for Settlement Class Member Benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice.

19. If the Final Approval Order and Judgment are entered, all Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notice, and who do not timely exclude themselves from the Settlement Class, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Final Approval Order and Judgment.

20. Class Counsel shall file a Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs, and Service Awards, no later than <u>April 15, 2026</u>.

21. In the event the Settlement and Settlement Agreement shall become null and void, pursuant to termination as set forth in Section XIV of the Settlement Agreement, all of Plaintiffs', Class Counsel's, Defendant ALN's, and Defendant ALN's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved. In such a case, the Parties shall jointly file a status report in the Court seeking to resume the Action and all papers filed.

22. In the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement, any discussions, offers, or negotiations associated with the Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if the Settlement Agreement had not been

negotiated, made, or filed with the Court.

23. In the event that 250 Settlement Class Members exercise their right to opt-out of the Settlement Class, Defendant ALN shall have the option to terminate the Settlement Agreement. Defendant ALN shall notify Class Counsel and the Court of its intention to terminate the Settlement Agreement on or before April 25, 2026, or the option to terminate shall be considered waived.

24. This order shall have no continuing force or effect if a Final Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by ALN of any fault, wrongdoing, breach, liability, or the certifiability of any class.

25. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing.

26. The Fairness Hearing shall be held on **May 15, 2026 at 12 PM** before the undersigned in Courtroom No. 1, at the Robert V. Denney Federal Building and U.S. Courthouse, 100 Centennial Mall North, Lincoln, NE 68508, as noticed on the Settlement Website. The Court may require or allow the Parties and any objectors to appear at the Final Approval Hearing either in person or by telephone or videoconference, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website. The hearing may be re-scheduled without further notice to the Settlement Class. Any changes in the date or time will be posted on the Settlement Website. The time and date of the fairness hearing will be included in each notice of settlement. The purpose of the fairness hearing will be to:

    a. Determine whether the proposed settlement is fair, reasonable, and adequate, and should be finally approved;

    b. Determine whether an order and judgment should be entered dismissing the claims of the class members and bringing the litigation of those claims to a conclusion;

    c.    Consider other settlement-related matters, including appropriate attorney's fees.

    d.    Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

    e.    Release Defendant ALN and the Released Parties from the Released Claims, as specified in Section XIII of the Settlement Agreement; and

    f.    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant ALN, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

The Court may adjourn, continue, or reconvene the fairness hearing by oral announcement without further notice to the class members, and the Court may consider and grant final approval of the proposed settlement, with or without minor modification, and without further notice to class members.

27.    On or before <u>December 15, 2025</u>, each defendant to be released by the proposed settlement shall serve all notices required by the Class Action Fairness Act, 28 U.S.C. § 1715(d), and shall promptly file a declaration with the Court certifying that such notices were served.

28.    On or before <u>January 4, 2026</u>, the Settlement Administrator must commence the process of giving notice to class members as prescribed by the settlement agreement.

29.    Any class member who does not request exclusion may file a written objection with the Court and serve a copy on plaintiff's and defendant's counsel no later than <u>April 15, 2026</u>, in accordance with the instructions set forth in the notice.

30.    Settlement class members must submit complete, timely, and valid claims for

monetary relief by or before <u>April 4, 2026</u>, in accordance with the instructions set forth in the notice.

31. On or before <u>April 15, 2026</u>, settlement class counsel shall file a motion for final approval of the settlement agreement, along with an affidavit from a representative of the settlement administrator confirming that notice has been accomplished in accordance with the provisions above.

32. On or before <u>April 15, 2026</u>, Settlement class counsel shall file their application for an award of attorney fees, costs, and any motion for Class Representative Service Award for consideration at the fairness hearing. Any reply in further support of the settlement agreement, attorneys' fees, and expenses, or in response to any written objection, shall be filed on or before <u>April 22, 2026</u>.

33. During the Court's consideration of the proposed settlement and pending further order of the Court, all proceedings in this action, other than proceedings necessary to carry out the terms and provisions of the proposed settlement, or as otherwise directed by the Court, are stayed and suspended.

34. Until the Court holds the fairness hearing and determines the matters set forth in this order, and through the effective date of the settlement agreement, all settlement class members except those who have requested exclusion shall be barred from asserting any claims for which a release will be given if the Court approves the proposed settlement.

Dated this 5th day of December, 2025.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge
